**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4878**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SALLIE SHULTZ, a/k/a Sallie Schultz,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-03-188)

———————

Submitted: February 3, 2006        Decided: February 23, 2006

———————

Before WILKINSON, LUTTIG, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Miles Morgan, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sallie Shultz appeals the forty-six-month sentence imposed by the district court after she pled guilty to aiding and abetting retaliation against an informant, in violation of 18 U.S.C. §§ 1513(b), 2 (2000). Shultz asserts that this court should reconsider the decision in United States v. Cross, 371 F.3d 176 (4th Cir. 2004), and that, in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), her sentence is unreasonable. We affirm.

Shultz contends that the district court erred by determining her base offense level under U.S. Sentencing Guidelines Manual § 2X3.1(a) (2004), because the court held her accountable for relevant conduct relating to the underlying offense about which she did not know or could not have reasonably known. In Cross, 371 F.3d at 182, we rejected this contention. Although Shultz urges us to reconsider our holding in Cross, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

Shultz also asserts on appeal that, in light of Booker, her sentence is unreasonable. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court

"must consult [the] Guidelines and take them into account when sentencing." 543 U.S. at __, 125 S. Ct. at 767 (Breyer, J., opinion of the Court). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. United States v. Clark, __ F.3d __, __, 2006 WL 60273, at *1 (4th Cir. Jan. 12, 2006) (citing United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005)). The sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47 (citations omitted).

In sentencing Shultz, the district court considered the properly calculated advisory Sentencing Guideline range and the factors in § 3553(a). Because the court sentenced Shultz within the advisory Guideline range and within the ten-year statutory maximum, see 18 U.S.C. § 1513(b), we conclude that the sentence is reasonable. Accordingly, we affirm Shultz's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED